FILED

2026 Apr-14  AM 11:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **ANTONIO DENTRAY BATTLE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:24-cv-540-AMM-HNJ** |
| | ) | |
| **ALABAMA, STATE OF,** *et al.*, | ) | |
| | ) | |
| **Respondents.** | ) | |

## MEMORANDUM OPINION

The Magistrate Judge entered a report, Doc. 22, on January 6, 2026, recommending that the court deny Petitioner Antonio Dentray Battle's *pro se* final amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 16, and dismiss his claims with prejudice as time barred.

On January 29, 2026, the court received Mr. Battle's responses. Docs. 23–24. In his first filing, Mr. Battle asked for reinstatement of his case. Doc. 23 at 1. He believed the court dismissed his case "due [to] his failure to respond." *Id*. Mr. Battle claimed he never received the Attorney General's answer to his habeas petition and, therefore, he failed to respond due to no fault of his own. *Id*. Due to Mr. Battle's misunderstanding of the procedural posture of his case, the Magistrate Judge provided an explanation, granted Mr. Battle an additional fourteen days to file objections, and advised Mr. Battle his "objections should address whether he timely

filed his habeas petition." Doc. 25. The court received Mr. Battle's objections on March 16, 2026. Doc. 26.

As the Magistrate Judge correctly explained, Mr. Battle's one-year limitation period to file a habeas action under 28 U.S.C. § 2254 expired on March 7, 2008, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 22 at 12–15. Mr. Battle filed this Section 2254 habeas petition on March 25, 2024, more than sixteen years later. Furthermore, Mr. Battle failed to establish that statutory or equitable tolling rendered his petition timely. *Id.* at 15–19. Nor did Mr. Battle establish the applicability of the miscarriage of justice/actual innocence exception to the AEDPA's one-year statute of limitations. *Id.* at 19–20.

In his objections, Mr. Battle claims he timely filed his sixth Section 2254 habeas petition in the United States District Court for the Middle District of Alabama in April 2024. Doc. 26 at 1. Mr. Battle recounts that the Middle District transferred the case to this court on May 3, 2024, which the Clerk of Court assigned Case No. 2:24-cv-00585-MHH-HNJ.[1] Doc. 26 at 1–2. The court fails to discern how a

---

[1] As the Magistrate Judge explained in the January 6, 2026, Report and Recommendation:

> On or about April 2, 2024, Battle filed his sixth § 2254 *pro se* petition for a writ of habeas corpus. *Antonio Dentray Battle v. Joseph H. Headley, Correctional Warden III, et al.*, 2:24-cv-00212-ECM-SMD, ECF 1 (M.D. Ala. Apr. 3, 2024). Battle filed his sixth § 2254 petition in the United States District Court for the Middle District of Alabama. *See Antonio Dentray Battle v. Joseph H. Headley, Correctional Warden III, et al.*, 2:24-cv-00212-ECM-SMD, ECF 1 (M.D. Ala. Apr. 3, 2024). Pursuant to § 2241(d), the Middle District Court transferred Battle's habeas petition to this court on May 3, 2024. *Antonio Dentray Battle v. Joseph H. Headley,*

2

subsequently filed petition could be timely when a previously filed petition stands time barred. Mr. Battle's objections warrant overruling.

After careful consideration of the record in this case, the Magistrate Judge's report, and Mr. Battle's objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that Mr. Battle's *pro se* final amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Doc. 16, is due to be denied and his claims are due to be dismissed with prejudice as time barred. A final judgment will be entered.

Although difficult to discern, it appears Mr. Battle may have attempted to file a separate 42 U.S.C. § 1983 action. *See* Doc. 24 at 1–5. The Clerk of Court is **DIRECTED** to mail Mr. Battle a copy of the court's standard Section 1983 Prisoner Pro Se Complaint along with this order.

**DONE** and **ORDERED** this 14th day of April, 2026.



_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE

---

*Correctional Warden III, et al.*, 2:24-cv-00212-ECM-SMD, ECF 5 (M.D. Ala. May 3, 2024). This court subsequently consolidated Battle's sixth § 2254 habeas petition, which the Clerk of Court assigned Case No. 2:24-cv-00585-MHH-HNJ, with this action because Battle attacked the validity of the same state-court conviction in both petitions. (Doc. 11).

Doc. 22 at 12 n.7.